# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN C. GREGG, ET AL. § <br> § <br> v. § <br> § <br> SELECT PORTFOLIO SERVICING, INC., § <br> ET AL. § § § | Civil Action No. 4:18-CV-803 <br> (Judge Mazzant/Judge Nowak) |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On October 23, 2019, the report of the Magistrate Judge (Dkt. #53) was entered containing proposed findings of fact and recommendations that Defendants Select Portfolio Servicing, Inc. ("SPS") and Citibank, N.A. as Trustee on behalf of the NRZ Pass-Through Trust VI's ("Citibank") Motion for Summary Judgment (Dkt. #34) and Defendants Servis One, Inc. d/b/a BSI Financial Services, Inc. ("BSI") and U.S. Bank Trust N.A., as Trustee of Cabana Series III Trust's ("U.S. Bank") Motion for Summary Judgment (Dkt. #35) be granted. Having received the report of the United States Magistrate Judge, having considered Plaintiffs' Objections (Dkts. #57, #58), Defendants' Response (Dkt. #59), Plaintiffs' Reply and Supplement to Reply (Dkts. #60, #61), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's Report as the findings and conclusions of the Court.

### RELEVANT BACKGROUND

Plaintiffs defaulted on their Loan on the real property located at 4541 Hitching Post Lane, Plano, Texas 75024 (the "Property") in November 2014 (Dkt. #35-11). Thereafter, in October

2018, Plaintiffs filed the instant suit in state court to stop the scheduled sale of the Property (Dkt. #3). On October 23, 2019, the Magistrate Judge recommended the Court grant Defendants' Motions for Summary Judgment and dismiss the entirety of Plaintiffs' claims (Dkt. #53). Relevant herein, the Magistrate Judge found that Defendants BSI and U.S. Bank were entitled to enforce the Note, as physical possession of the Note, bearing a blank endorsement, establishes ownership and the right to collect; and, further that the chain of title is unbroken. On November 6, 2019, Plaintiffs filed Objections to the Report (Dkt. #57), and, on November 14, 2019, a Supplement to such Objections (Dkt. #58) (collectively, "Objections"). Plaintiffs continue to object that a defect in the chain of title exists and now further aver that "internal inconsistencies" in the evidence render it incapable of supporting summary judgment (Dkts. #57, #61).[1] Plaintiffs also argue that any dismissal should be without prejudice. On November 18, 2019, Defendants SPS and Citibank filed a Response to Plaintiffs' Objections, asserting that each of Plaintiffs' Objections have already been repeatedly considered in this lawsuit and rejected by the Magistrate Judge in determining Defendants are entitled to enforce the Note (Dkt. #59). Plaintiffs filed a Reply on November 26, 2019, and filed a Supplement to their Reply on December 19, 2019 (Dkts. #60, #61).

**OBJECTIONS TO REPORT AND RECOMMENDATION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

---

[1] Plaintiffs also object to the Magistrate Judge's finding as to the factual recitation in Plaintiffs' Amended Complaint. The Magistrate Judge stated that the "Court will consider only those facts properly supported by competent summary judgment evidence" (Dkt. #53 at p. 8). Legal conclusions and mere conclusory assertions are not proper summary judgment evidence; any such statements found in Plaintiffs' Amended Complaint (Dkt. #14) were properly excluded from consideration. *See* FED. R. CIV. P. 56(c).

*Chain of Title*

Plaintiffs aver Defendants' evidence in support of the Motions for Summary Judgment illuminates "multiple breaks in the chain of title" (Dkt. #57 at pp. 5–7). As referenced *supra*, the Magistrate Judge found no break existed in the chain of title from the Loan's origination to its current holder/owner Defendant U.S. Bank (Dkt. #53 at pp. 2–4).[2] Indeed, the report details that Dallas Metropolitan Mortgage ("DMM") originated Plaintiffs' Loan in September 2000 (Dkts. #34-2, #34-3, #35-2, #35-3, #35-4). DMM transferred and assigned its rights under the Deed of Trust and Note by "Transfer and Assignment of Mortgage" to Equicredit (Dkts. #34-4, #35-5).

As to this transfer, Plaintiffs contend the Note was insufficiently identified (and thus was not transferred). The Court disagrees with such assertion; the language of the Transfer and Assignment of Mortgage specifically includes "the rights of Assignor [(DMM)] under the [N]ote … executed in conjunction with the loan transaction" and provides a legal property description of the property. Plaintiffs do not contend that DMM possessed more than one Mortgage executed by "Mortgager(s): Bryan C. Gregg" on "Lot 1, Block E, of Deerfield Addition–Phase Two an Addition to the City of Plano, Collin County, Texas. . . ."

The chain continues; the Note was endorsed by Allonge, without recourse, to Defendant SPS as attorney in fact for Equicredit (Dkts. #34-3 at p. 9, #35-3 at p. 8). SPS acted as mortgage servicer during the time Equicredit was the holder. Equicredit then transferred the Loan to the Bank of New York, as trustee for holders of EQCC Asset Back Certificates, Series 2001-2 ("BoNY"). BoNY later transferred the Loan back to Equicredit (Dkts. #35-6; #35-7). Following the transfer from BoNY, Equicredit again transferred its interest, this time to Citibank. Equicredit endorsed the Note in blank and further assigned the Deed of Trust, via a "Corporate Assignment"

---

[2] Defendant U.S. Bank's rights as holder of the Note are not contingent upon proof of a complete chain of title; notwithstanding, the evidence in the present case demonstrates an unbroken chain of title.

(Dkts. #34-3; #34-6; #35-3; #35-8).  SPS also acted as mortgage servicer to Citibank and executed a Limited Power of Attorney agreement with Citibank (Dkts. #34-1; #34-3; #35-3).  On November 12, 2018, Citibank transferred its interest in the Loan to U.S. Bank; contemporaneously with such transfer, SPS transferred physical possession of the Note and Deed of Trust to BSI (Dkts. #34-1 at p. 3; #35-1 at p. 2).  BSI is the current mortgage servicer for U.S. Bank on Plaintiffs' Loan.  Defendants' summary judgment evidence establishes no break in the chain of title.

Moreover, even were that not the case, because Defendants physically possess the in-blank-endorsed Note, they have the right to enforce the Note.  Plaintiffs argue against this result, asserting that (1) "[t]he prevailing law in Texas is that a party seeking to foreclose, whether as 'holder' or 'owner', in a … foreclosure, must still prove the transfer by which he acquired possession of the [n]ote;" (2) a holder of a note endorsed in blank merely entitles the holder to a presumption of entitlement to enforce the note, which Plaintiffs have rebutted; and (3) "the purported exemption from proving a chain of title does not make sense in the overall scheme of things" (Dkt. #57 at pp. 25–26).  Each of these assertions is incorrect under existing law.  Section 3.205(b) of the Texas Business & Commerce Code states, "[w]hen [e]ndorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially [e]ndorsed."  Tex. Bus. & Com. Code § 3.205(b).  Section 1.201(b) of the Code further defines "holder" as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."  Tex. Bus. & Com. Code § 1.201(b)(21).  "Because the note was endorsed in blank and the [defendant] was in possession of the note, under Texas law, the [defendant] was entitled to collect on it."  *Kiggundu v. Mortg. Elec. Registration Sys., Inc.*, 469 F. App'x. 330, 331 (5th Cir. 2012) (per curiam) (citations omitted); *see also Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 835 (5th Cir. 2014) ("'When [e]ndorsed in blank, an

4

instrument becomes payable to bearer'—in this case, Deutsche Bank."). Furthermore, Section 3.201(b) states in part, "[i]f an instrument is payable to bearer, it may be negotiated by transfer of possession *alone*[;]" similarly, Section 3.203(a) states, "An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." Tex. Bus. & Com. Code Ann. §§ 3.201, 3.203 (West) (emphasis added). Defendants' summary judgment evidence establishes all that is required under Texas law to enforce the Note—physical possession of the Note endorsed in blank. Defendants are entitled to summary judgment on Plaintiffs' claims.

*Competency of the Evidence*

Plaintiffs further object that certain "internal inconsistencies" in Defendants' evidence, combined with contrary assertions in Plaintiffs' Complaint, evinces genuine issues of material fact and should therefore preclude summary judgment.[3] Even resolving all *reasonable* doubts in favor of Plaintiffs, Plaintiffs have not proffered any evidence controverting Defendants' possession of the Note bearing a blank endorsement. *See Casey Enterprises, Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981). The Affidavit of Steven Coleman, of BSI as mortgage servicer to U.S. Bank, and being duly sworn to by the same, states in pertinent part:

> I have personal knowledge of the facts stated herein, which are true and correct and which knowledge is gained from my personal familiarity with the account described below and from my review of the relevant records . . . I am authorized to make this Affidavit on behalf of U.S. Bank N.A. . . . I have care, custody and control of the books, records, and documents kept by BSI Financial as they relate to an unpaid account owed to U.S. Bank Trust by Brian C. Gregg (Loan No. 1461041968) ("the Gregg Loan"), which is secured by a lien on certain real property located at 4541 Hitching Post Lane, Plano, Texas 75024 ("the Property") . . . U.S. Bank did not originate the Gregg Loan and has acquired the loan from Select Portfolio Servicing Inc./Citibank, N.A. . . . The acquisition of the Gregg Loan included the promissory

---

[3] Plaintiffs also object to the Magistrate Judge's recitation of Plaintiffs' evidence in opposition to Defendants' Motions. The report makes clear the Magistrate Judge considered all "evidence" submitted by Plaintiffs, including the documents attached to Plaintiffs' Amended Complaint. Plaintiffs' objection to the Magistrate Judge's presentment and/or summary of Plaintiffs' evidence in opposition of Defendants' Motions for Summary Judgment is overruled.

5

note and other documents, records, and loan payment history for the Gregg
Loan. . . .

(Dkt. #35-1 at pp. 1–2). Attached to the Affidavit is the Note bearing both a blank endorsement and Plaintiff Brian C. Gregg's signature (Dkt. #35-3 at p. 4). The Court finds Defendants' summary judgment evidence to be competent. *See* FED. R. CIV. P. 56(c)(1)(A).

*Dismissal with Prejudice*

Lastly, Plaintiffs object to the recommendation of dismissal with prejudice. Plaintiffs cite to *Easterling v. U.S. Bank Nat'l Ass'n* for the proposition that courts "typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order" (Dkt. #57 at p. 46). No. 3:16-CV-3403-L-BH, 2018 WL 7266516, at *6 (N.D. Tex. Dec. 6, 2018*), report and recommendation adopted*, No. 3:16-CV-3403-L, 2019 WL 156264 (N.D. Tex. Jan. 10, 2019). Alternatively, "Plaintiffs respectfully request that dismissal be ordered without prejudice to [refiling]" to give Plaintiffs "an opportunity to review the Court's grounds for its order" (Dkt. #57 at p. 46). Plaintiffs have already been granted an opportunity to amend their pleadings in the instant case. Dismissal of Plaintiffs' claims with prejudice is warranted.

## CONCLUSION

Having considered Plaintiffs' Objections and Replies (Dkts. #57, #60, #61), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #53) as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendants' Motions for Summary Judgment (Dkts. #34; #35) are **GRANTED**. Plaintiffs' claims are hereby **DISMISSED with prejudice.**

**IT IS SO ORDERED**.

**SIGNED this 29th day of January, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE